IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNATHAN MANUEL DEMERY, et al. | * | |
| | * | |
| Plaintiffs | | |
| | * | |
| v. | | Case No. 1:08-CV-01304 |
| | * | |
| MONTGOMERY COUNTY, | | |
| MARYLAND, et al. | * | |
| | * | |
| Defendants | | |
| | * | |

## DEFENDANTS' MOTION TO CHANGE VENUE

Defendants, Montgomery County, Maryland, and Officer Kathy Fumagalli, by and
through counsel and pursuant to the Rules of this Court, move that venue be transferred from this
Court to the United States District Court for the District of Maryland, and in support thereof,
state as follows:

1.      This case arises out of a warrant obtained by Defendant Kathy Fumagalli for the
arrest of Plaintiff Johnathan Demery on the charge of carjacking.

2.      Defendant Fumagalli is a detective with the Montgomery County Police
Department. The warrant was issued by a Commissioner for the District Court of Maryland for
Montgomery County.

3.      Plaintiff was arrested in the District of Columbia and temporarily incarcerated
there. When Plaintiff waived his extradition rights, he was transferred to a detention center in
Montgomery County, Maryland.

4.      Plaintiff posted bond and was released.

5.     Thereafter, upon further investigation, a *nolle prosequi* was entered by the State's Attorney's Office for Montgomery County with respect to the charges against Plaintiff Johnathan Demery.

6.     The central claim in this case is that Detective Fumagalli swore out a false affadivit against Jonathan Demery leading to his arrest and incarceration.

7.     Defendant Fumagalli obtained the warrant in Maryland.

8.     Numerous officers involved in the investigation leading up to the arrest of Mr. Demery are employed by the Montgomery County Police Department.

9.     No officers of the Metropolitan Police Department of the District of Columbia have been sued.

10.    The portion of the subject events that occurred in the District of Columbia pertain mainly to Plaintiff's damages claim.

11.    Maryland law is implicated by many of Plaintiff's claims.  Among other things, Plaintiff has alleged violations of his rights under the Maryland Declaration of Rights.

12.    The underlying crime of carjacking occurred in Maryland, and all the evidence relating to Plaintiffs' claims is located in Maryland.

13.    All the defendants live in Maryland, and all Plaintiffs' claims could be brought in a Maryland court.

14.    On the whole, the interest of justice and the convenience of the parties and witnesses dictate that this action should proceed in the United States District Court for the District of Maryland.

15.    The grounds for this motion are set forth more fully in the accompanying memorandum.

WHEREFORE, Defendant Montgomery County, Maryland, respectfully requests the

Court grant this Motion to Change Venue and transfer the case to the United States District Court

for the District of Maryland.

Respectfully Submitted,

LEON RODRIGUEZ
COUNTY ATTORNEY

/s/

Paul F. Leonard, Jr.
Associate County Attorney
Federal Bar No. 413057

Attorney for Defendants
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of August 2008, a copy of the foregoing was

e-filed and sent via first class mail, postage prepaid to:

Terrell N. Roberts, III
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737

/s/

Paul F. Leonard, Jr.
Associate County Attorney

Filed: August 19, 2008

PFL:jq
L07-00426 – Def's Motion to Change Venue
M:\Cycom\Wpdocs\D011\P004\00052395.DOC

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNATHAN MANUEL DEMERY, et al.          *

                                          *

              Plaintiffs

                                          *

v.                                               Case No. 1:08-CV-01304

                                          *

MONTGOMERY COUNTY,
MARYLAND, et al.                          *

                                          *

              Defendants

                                          *

## **ORDER**

UPON CONSIDERATION of Defendant's Motion to Change Venue, any opposition

thereto and hearing thereon, and considering the record as a whole, it is this _____ day of

_____ 2008, by the United States District Court for the District of Columbia,

hereby

ORDERED, that said Motion shall be and hereby is GRANTED; and it is further

ORDERED, that this case is to be transferred to the United States District Court for the

District of Maryland.

                                    _____

                                    Judge, United States District Court
                                    for the District of Columbia

Copies to:

Terrell N. Roberts, III          Paul F. Leonard, Jr.
Roberts & Wood               Associate County Attorney
6801 Kenilworth Avenue, Suite 202   101 Monroe Street, Third Floor
Riverdale, Maryland           Rockville, Maryland 20850
*Attorney for Plaintiffs*         *Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNATHAN MANUEL DEMERY, et al. | * | |
| | * | |
| Plaintiffs | | |
| | * | |
| v. | | Case No. 1:08-CV-01304 |
| | * | |
| MONTGOMERY COUNTY, | | |
| MARYLAND, et al. | * | |
| | * | |
| Defendants | | |
| | * | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO CHANGE VENUE

Defendants, Montgomery County, Maryland, and Officer Kathy Fumagalli, by and

through counsel and pursuant to the Rules of this Court, move that venue in this case be

transferred to the United States District Court for the District of Maryland, and in support thereof

state as follows:

## I.    STATEMENT OF THE CASE

Plaintiff Johnathan Demery alleges that he was arrested and incarcerated as a result of a

warrant obtained by Defendant Kathy Fumagalli, a detective with the Montgomery County

Police Department. Plaintiff's primary claim is that Detective Fumagalli swore out a false

affidavit to get the warrant. According to the Complaint, this occurred in Montgomery County,

Maryland.

Plaintiff alleges constitutional torts, including a violation of his rights under the Fourth

Amendment to the United States Constitution. He seeks money damages under 42 U.S.C. §

1983. Plaintiff also alleges constitutional violations under the Maryland Declaration of Rights.

Finally, Plaintiff alleges a number of state law torts, including: malicious prosecution, false arrest, false imprisonment, and negligence.

## II.    STATEMENT OF FACTS

On June 21, 2007, an assault and carjacking took place at a 7-11 on River Road in Bethesda, Maryland. Detective Fumagalli, who is an officer of the Montgomery County Police Department and an employee of Defendant Montgomery County, Maryland, investigated the crime. On June 22, 2007, the stolen car was located near 10th and Monroe Streets, N.W., in Washington, D.C. Investigation led officers to a nearby recreation center where Plaintiff Johnathan Demery was observed, photographed, and interviewed. Detective Fumagalli concluded that Mr. Demery was a close match with the suspected carjacker pictured in the video obtained from a surveillance camera at the 7-11.

On June 27, 2007, Detective Fumagalli applied to the District Court of Maryland for Montgomery County for an arrest warrant charging Plaintiff with the carjacking. In addition, Detective Fumagalli worked with officers of the Metropolitan Police Department of Washington, D.C., in their application for a warrant to search Mr. Demery's residence. Plaintiff Johnathan Demery was arrested and initially was incarcerated in the District of Columbia. A search of his residence was conducted. Separately, Detective Fumagalli applied in Maryland for a search warrant for three cell phones taken from the residence.

According to the Complaint, Plaintiff remained in jail in the District of Columbia from June 27 to July 3, 3007. On the latter date, he waived his extradition rights and was transferred to a detention center in Montgomery County, Maryland. Plaintiff appeared before a Commissioner, posted bond, and he was released. Ultimately, the State's Attorney's Office for Montgomery County entered a *nolle prosequi* on the charges against Johnathan Demery.

.

2

## III.    ARGUMENT

### A. Legal Standard for Venue and Transfer.

When federal jurisdiction is not premised solely on diversity, 28 U.S.C. § 1391(b)

controls venue, and provides that venue is proper in:

> (1)  a judicial district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which a substantial part
> of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no
> district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to

transfer the action to any other district where it could have been brought "for the convenience of

the parties and witnesses in the interest of justice[.]"  28 U.S.C. § 1404(a) vests "discretion in the

district court to adjudicate motions to transfer according to [an] individualized, case-by-case

consideration of convenience and fairness." *Schmidt v. American Institute of Physics*, 322 F.

Supp. 2d 28, 31 (D.D.C. 2004) citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27, 108 S.

Ct. 2239, 101 L. Ed. 2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 85 S. Ct.

805, 11 L. Ed. 2d 945 (1964)).

Under the statute, the moving party bears the burden of establishing that venue is proper.

*Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).  To meet this burden, the

defendant must make two showings to justify transfer.  First, the defendant must establish that

the plaintiff originally could have brought the action in the proposed transferee district.  Second,

the defendant must demonstrate that considerations of convenience and the interest of justice

weigh in favor of transfer to that district.  *Schmidt,* 322 F. Supp. 2d at 31 (citations omitted).

With respect to the second showing, the court is called upon to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29.  The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claims arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses to the extent some may be unavailable for trial in one forum; and (6) the ease of access to sources of proof. *Samuel Johnson v. Lumenos, Inc.* 471 F. Supp. 2d 74, 76 (D.D.C. 2007).  The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Johnson*, 471 F. Supp. 2d at 76.

## B.    Plaintiffs Could Have Brought This Action in the District of Maryland

Defendant Montgomery County, Maryland, is a chartered county of the State of Maryland.  Defendant Kathy Fumagalli works and resides in Maryland.  As such, all of the defendants reside in Maryland, and the case could have been brought in Maryland under 28 U.S.C. § 1391(b).  Therefore, the threshold inquiry for change of venue is satisfied.

## C.    The Balance of Private and Public Interests Weighs in Favor of Transfer.

### 1.    Private-Interest Factors.

On the whole, the private interest factors to be considered by the Court weigh in favor of transfer to the District of Maryland.  Admittedly, some deference must be given to Plaintiff's choice of forum, and some portion of Plaintiff's damages (i.e., time spent in jail)[1] occurred in the District of Columbia.  However, the majority of the relevant factors point to Maryland as the most appropriate site for venue.

---

[1] Why it took six days to extradite Johnathan Demery from the District of Columbia to Maryland is unknown.  No District of Columbia police officers have been sued in this case.

4

Paramount among those considerations is where the claim arose. Here, the allegedly wrongful conduct that gave rise to this entire action is the swearing out of a warrant by Detective Fumagalli for the arrest of Johnathan Demery. That conduct occurred in Maryland and was meant to lead to a criminal prosecution in Maryland.

The case of *Clark v. Officer Ray Harp*, 737 F. Supp. 676 (D.D.C. 1990) is instructive. There, an officer of the Arlington County Police Department caused a warrant to be issued for the arrest of Allen Clark for a rape allegedly committed in Virginia. Although Mr. Clark was arrested in the District of Columbia, it was intended that he would be charged and tried in Virginia. Clark brought an action in the District of Columbia under 42 U.S.C. § 1983 alleging a violation of his constitutional rights by a detective of the Arlington County Police who caused the arrest warrant to be issued. Venue was challenged. Analyzing the issue of where "the claim arose" under the precursor to the current statutory language of 28 U.S.C. § 1391(b), [2] the Court held that venue was proper in Virginia and transferred the case to that district, stating:

> The rape which formed the basis of the arrest warrant occurred in Virginia, the magistrate and records are in Virginia, and the defendant works and resides in Virginia. The venue for this case is properly in Virginia.

*Clark,* 737 F. Supp. at 677-78. In support of its decision, the Court cited *Reuber v. United States,* 750 F. 2d 1039 (D.C. Cir. 1984) (holding that although a defamatory letter was disseminated in the District and caused harm in the District, proper venue was in Maryland where the letter was written and issued in Maryland, and the pertinent records were in Maryland).[3]

---

[2] The wording of the statute was changed to its present form in 1990, but the question of where "the claim arose" still factors prominently in venue analysis.

[3] *Reuber* also was decided under the predecessor statute to the current 42 U.S.C. § 1391(b) and focused on where the claim arose.

5

The location where the claim arose is not the only factor that favors transfer. All of the defendants are in Maryland. The evidence on the carjacking (source of proof) is in Maryland. The investigating police officers of the local government that has been sued are in Maryland. Plaintiff was charged in Maryland, was fingerprinted, questioned, and taken before a Commissioner of the District Court of Maryland for Montgomery County in Maryland. The *nolle prosequi* occurred in Maryland. Had it not, Plaintiff would have been tried in a Maryland court.

In short, what is at issue in this case is Maryland police work and the criminal process to which plaintiff was subjected as a result of the actions of one of Montgomery County's law enforcement officers. To some extent, the consequences of that action flowed into the District of Columbia, but the core events germane to the issue of liability occurred in Maryland.

## 2.    Public-Interest Factors.

On a motion to change venue, the second set of factors the Court must consider seek to identify the jurisdiction with the prevailing public interest at stake. One consideration is the transferee court's familiarity with the governing laws. There, it has been said that the public interest is "best served by having a case decided by the federal court in the state whose law governs the interests at stake." *Schmidt*, 322 F. Supp. 2d at 35 (citations omitted).

In this case, Maryland law should govern the state law claims. The District of Columbia courts use a modified governmental interests analysis to decide choice of law issues. The factors considered in that analysis overlap to a great extent with those already discussed regarding venue. These include: the place where the conduct causing injury occurred; the place where the injury occurred; the location of the parties; and the place where the legal relationship among the parties is centered. *Stromberg v. Marriott International, Inc.*, 474 F. Supp. 2d 57, 62 (D.D.C.

6

2007). Again, the defendants are in Maryland, the allegedly wrongful conduct occurred in Maryland, and the legal dispute is centered around Montgomery County law enforcement activities. On the whole, these factors favor the application of Maryland law to Plaintiff's state law claims of malicious prosecution, false arrest/false imprisonment and negligence.[4]

Furthermore, Plaintiff's Complaint expressly invokes Maryland law. Count 6 of Plaintiff's Complaint is brought under the Maryland Constitution, specifically Article 24 and 26 of the Maryland Declaration of Rights. Complaint ¶ 31. In addition, in his "Allegations Common to All Counts," Plaintiff states that, "This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and *the Maryland Constitution and laws*." Complaint ¶ 1 (emphasis added). Only in Count 7, the negligence claim, does Plaintiff seek application of District of Columbia law, and that count also should be analyzed under Maryland law for the reasons already stated. In sum, choice of law considerations point to Maryland as the proper source of law for the state tort claims. On the federal constitutional claims, all is equal, so overall the choice of law factor favors Maryland as the best site for venue.

Lastly, Montgomery County, Maryland, is the jurisdiction that has the strongest "local interest" in having controversy decided at home.[5] *See Schmidt*, 322 F. Supp. 2d at 35. The propriety of the actions of a Montgomery County police officer have been placed squarely at issue. The gist of Plaintiff's Complaint is that a Montgomery County police officer swore out a

---

[4] The issue of choice of law is briefed more fully in Defendants' Memorandum of Grounds and Authorities in Support of the Motion for Partial Dismissal of Plaintiff's Complaint. Defendants refer the Court to that discussion, rather than repeating it here.

[5] Defendants will defer to the Court on the factor of relative "court congestion." *See Schmidt*, 322 F. Supp. 2d at 35. Certainly, transfer at this early stage would not result in any undue delay. *Id.*

false warrant to effect Johnathan Demery's arrest. This is a significant matter for the local law enforcement agency and should tip the balance in favor of venue in Maryland.

Considering the predominant local interest and the additional factors discussed above, the Court should exercise its discretion under 28 U.S.C. § 1404(a) and transfer this case to the District of Maryland.

## IV.   CONCLUSION

In view of the foregoing, Defendants submit that the interest of justice and convenience of the parties and witnesses dictate that venue is most appropriate in Maryland. Defendants, therefore, request that this Motion to Change Venue be granted and that the Court transfer the case to the United States District Court for the District of Maryland.

Respectfully submitted,

LEON RODRIGUEZ
COUNTY ATTORNEY

_____/s/_____

Paul F. Leonard, Jr.
Associate County Attorney
Federal Bar No. 413057

Attorney for Defendants
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of August 2008, a copy of the foregoing was

e-filed and sent via first class mail, postage prepaid to:

> Terrell N. Roberts, III
> Roberts & Wood
> 6801 Kenilworth Avenue, Suite 202
> Riverdale, Maryland 20737


                                        /s/
                                    Paul F. Leonard, Jr.
                                    Associate County Attorney


Filed:  August 19, 2008



PFL:jq
L07-00426 – Memorandum In Support of Def's Motion to Change Venue
M:\Cycom\Wpdocs\D011\P004\00052424.DOC