IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNATHAN MANUEL DEMERY, et al. | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | Case No. 1:08-CV-01304 |
| | * | |
| MONTGOMERY COUNTY, MARYLAND, et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

**DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL OF PLAINTIFFS' COMPLAINT**

Defendants, Montgomery County, Maryland and Officer Kathy Fumagalli, by and through their undersigned attorneys, and pursuant Fed. R. Civ. P. 12(b)(6), hereby move for partial dismissal of Plaintiffs' Complaint, and for reasons, state as follows:

1. Plaintiffs filed this civil action on July 29, 2008, alleging a violation of federal and state constitutional claims as well as state tort claims. Plaintiffs allege that on June 27, 2007, Detective Fumagalli applied for an arrest warrant charging Plaintiff Johnathan Demery with a carjacking which had occurred in Bethesda, Maryland, on June 21, 2007. Johnathan Demery was subsequently arrested and spent time in jail in the District of Columbia before being transferred to Montgomery County, and being released. Pursuant to a search warrant, the home of Johnathan Demery and the other Plaintiffs was searched. On July 27, 2007, the State's Attorney for Montgomery County entered a *nolle prosequi* on the charges against Plaintiff Johnathan Demery.

2. Plaintiff Johnathan Demery alleges that his Fourth Amendment rights were violated. He also brings Maryland state constitutional claims and Maryland state tort claims of false

arrest/false imprisonment and malicious prosecution, and negligence under the common law of the District of Columbia. Plaintiffs Tijuana Demery[1] and Wayne Mabry assert Fourth Amendment claims, apparently for alleged unlawful searches of their home and/or cell phones.

3.  Count 2 of the Complaint should be dismissed because there is no independent cause of action for malicious prosecution under 42 U.S.C. § 1983.

4.  Claims made under Article 24 of the Maryland Declaration of Rights should be dismissed because Plaintiffs have failed to state a cause of action for which relief can be granted under Article 24.

5.  Montgomery County is entitled to dismissal of the state tort claims in Counts 4, 5, and 7. These claims are governed by Maryland law under which the County is afforded governmental immunity for governmental functions such as law enforcement.

6.  Attached hereto is Defendants' Memorandum in Support of Defendants' Motion for Partial Dismissal.

WHEREFORE, Defendants request that Count 2 be dismissed; Count 6 be dismissed as to claims under Article 24; Counts 4, 5, and 7 be dismissed against Montgomery County.

Respectfully submitted,

LEON RODRIGUEZ
COUNTY ATTORNEY

_____/s/_____
Paul F. Leonard, Jr.
Associate County Attorney
Bar No. 413057

---

[1] The caption identifies Plaintiff as Tijuana Demery, but throughout the Complaint, Plaintiff is referred to as Pijuana Demery.

                                          Attorneys for Defendants
                                          101 Monroe Street, Third Floor
                                          Rockville, Maryland 20850
                                          (240) 777-6700

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 19th day of August 2008, a copy of the foregoing was e-filed and sent via first class mail, postage prepaid to:

Terrell N. Roberts, III
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737

                                                                    /s/
                                                    Paul F. Leonard, Jr.
                                                    Associate County Attorney

Filed: August 19, 2008

PFL:pj:jq
L07-00426 – Motion for Partial Dismissal
M:\Cycom\Wpdocs\D006\P004\00052063.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNATHAN MANUEL DEMERY, et al.   *

                                  *

            Plaintiffs             *

                                  *
v.                                         Case No. 1:08-CV-01304
                                  *

MONTGOMERY COUNTY,
MARYLAND, et al.                   *

                                  *
            Defendants
                                  *

## ORDER

UPON CONSIDERATION of Defendant's Motion for Partial Dismissal of Plaintiffs' Complaint, any opposition thereto and hearing thereon, and considering the record as a whole, it is this _____ day of _____ 2008, by the United States District Court for the District of Columbia, hereby

ORDERED, that said Motion shall be and hereby is GRANTED; and it is further

ORDERED, that Count 2 be dismissed; Count 6 be dismissed as to claims under Article 24; and Counts 4, 5, and 7 be dismissed against Defendant Montgomery County, Maryland.

_____
Judge, United States District Court
for the District of Columbia

Copies to:

Terrell N. Roberts, III                Paul F. Leonard, Jr.
Roberts & Wood                         Associate County Attorney
6801 Kenilworth Avenue, Suite 202      101 Monroe Street, Third Floor
Riverdale, Maryland                    Rockville, Maryland 20850
*Attorney for Plaintiffs*              *Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNATHAN MANUEL DEMERY, et al. | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | Case No. 1:08-CV-01304 |
| | * | |
| MONTGOMERY COUNTY, MARYLAND, et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

**DEFENDANTS' MEMORANDUM OF GROUNDS
AND AUTHORITIES IN SUPPORT OF THE MOTION FOR
PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**

Defendants Montgomery County, Maryland, and Officer Kathy Fumagalli, by and through their undersigned attorneys, submit this Memorandum of Law in Support of the Motion for Partial Dismissal of Plaintiffs' Complaint.

**I.    STATEMENT OF THE CASE**

This action arises out of the arrest of Plaintiff Johnathan Demery in the District of Columbia on June 27, 2007. Plaintiffs allege that on that date, Detective Fumagalli, a police officer with Montgomery County, Maryland, applied for an arrest warrant charging Plaintiff Johnathan Demery with a carjacking which had occurred in Bethesda, Maryland, on June 21, 2007. Johnathan Demery was subsequently arrested and spent time in jail in the District of Columbia before being transferred to Montgomery County, and being released. Pursuant to a search warrant, the home of Johnathan Demery and the other Plaintiffs was searched. On July 27, 2007, the State's Attorney for Montgomery County entered a *nolle prosequi* on the charges against Plaintiff Johnathan Demery. Plaintiffs filed this civil action on July 29, 2008, alleging federal and state constitutional

tort claims as well as state tort claims. Montgomery County was served on July 31, 2008, and Detective Fumagalli was served on August 4, 2008.

Plaintiff Johnathan Demery alleges that Detective Fumagalli lacked probable cause to believe that Plaintiff had committed the carjacking and that his Fourth Amendment rights were violated. Complaint ¶¶ 14, 23. He also brings a claim under Articles 24 and 26 of the Maryland Declaration of Rights, state tort claims of false arrest/false imprisonment and malicious prosecution (apparently under Maryland law), and a claim of negligence under the common law of the District of Columbia. Complaint ¶¶ 28, 30, 32. Plaintiffs Tijuana Demery[1] and Wayne Mabry assert Fourth Amendment claims which are ill-defined, but appear to relate to allegedly unlawful searches of their home and/or cell phones.

## II.   STATEMENT OF ALLEGED FACTS

According to Plaintiffs' Complaint, three men carried out an assault and carjacking on June 21, 2007, at a 7-11 store in Bethesda, Maryland. Montgomery County Detective Kathy Fumagalli was the lead detective and investigated the crime. Complaint ¶¶ 6, 8. The 7-11 had a surveillance camera inside the store, and Detective Fumagalli reviewed the tape and used it to create some still images of the suspect. Complaint ¶ 8. The stolen car was located in Washington, D.C. on June 22, 2007, and Montgomery County police officers recovered the vehicle. Complaint ¶ 9. According to the Complaint, a few days later, Detective Fumagalli and another detective observed Plaintiff Johnathan Demery with a group of his friends at a recreation center which was close to the location where the stolen car was found. The detective spoke to Plaintiff, gathered information, and photographed him. Complaint ¶ 10. The next day, based on her observations and the surveillance camera footage, Detective Fumagalli applied for an arrest warrant for the purpose of charging

---

[1] The caption identifies Plaintiff as Tijuana Demery, but throughout the Complaint, Plaintiff is referred to as Pijuana Demery.

Plaintiff Johnathan Demery with carjacking. Plaintiffs claim that the information Detective Fumagalli used to support the arrest warrant was false and misleading. Complaint ¶ 13.

Police officers arrested Plaintiff Johnathan Demery and searched the home he shares with the other Plaintiffs. The officers seized three cell phones. Temporarily, Plaintiff Johnathan Demery was held in custody in the District of Columbia. According to the Complaint, on July 3, 2007, Plaintiff Johnathan Demery was transported to Montgomery County, where Detective Fumagalli questioned him. On the same day, Plaintiff went before a District Court Commissioner, posted bond, and was released. Later that month, the Office of the State's Attorney for Montgomery County entered a *nolle prosequi* to the charges. Complaint ¶ 18.

### III.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint when the allegations of fact do not properly state a claim on which relief can be granted. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 67 L. Ed. 2d 929 (2007). Further, the "plaintiff's obligation to provide the 'grounds' of his 'entitl[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.[2]

In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), the court must consider the well-pleaded material allegations in the light most favorable to the plaintiff and accept those factual allegations as true. *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994)). However, the court is "not bound to accept as true a legal conclusion couched as a factual

---

[2] *See also Victors v. Kronmiller*, 2008 U.S. Dist. LEXIS 17346,*13 (D. Md. Mar. 6, 2008) ( noting that prior to *Twombly*, the standard for granting 12(b)(6) dismissals for failure to state a claim was only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

3

allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (*citing Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)). Nor is the court bound to accept a plaintiff's legal conclusions based on the facts alleged. *District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979).

The purpose of Rule 12(b)(6) is to provide the defendant with a mechanism to test the legal sufficiency of the complaint, but not the facts that support it. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). A complaint should be dismissed when it lacks a cognizable legal theory or is insufficient from a factual basis to state a legal claim against another party. *Wellmore Coal Corp.*, 609 F.2d at 1085-86. As discussed below, several counts in the Complaint fail to meet this standard and should be dismissed.

## IV.  ARGUMENT

### A.  DEFENDANTS ARE ENTITLED TO DISMISSAL OF COUNT 2 BECAUSE THERE IS NO INDEPENDENT CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983.

In Count 2, Plaintiffs bring a malicious prosecution claim against Detective Fumagalli pursuant to 42 U.S.C. § 1983. Plaintiffs allege that Detective Fumagalli brought false criminal charges of carjacking against Plaintiff Johnathan Demery. Plaintiffs claim the charges were not based on probable cause, and they were terminated in Plaintiff's favor.

Generally, 42 U.S.C. § 1983 provides a civil remedy against a person who, under the color of state law, deprives the plaintiff of a federally protected right. The federally protected right may be derived from the United States Constitution or federal law. Section 1983, however, does not grant any substantive rights in and of itself, but is only the vehicle by which a plaintiff may bring a civil action against a person acting under color of state law.

In order to state a proper claim under § 1983, two essential elements must be present: "(1) that the defendant was acting under color of state law in the actions complained of; and (2) that the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). "If there is no violation of a federal right, [then] there is no basis for a § 1983 action...." *Id.* Therefore, in order to maintain an action under Section 1983, a plaintiff must identify the federal right deemed to have been violated. Here, in Count 2, Plaintiffs have brought a claim for the common law tort of malicious prosecution. They have not identified any violation of a federal right in that count.

In *Albright v. Oliver*, 510 U.S. 266, 275, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994), the Supreme Court rejected a § 1983 claim of malicious prosecution. Since the State of Illinois provided a common law remedy for malicious prosecution, the Court declined to raise the tort to the level of a federal right. The Court of Appeals for the Fourth Circuit has also addressed this issue. In *Lambert v. Williams*, 223 F.3d 257 (4th Cir. 2000), the Lamberts brought a § 1983 action against various government officials for making "malicious and baseless" allegations that the Lamberts had abused their children. They alleged that the officials knew or should have known that the allegations were untrue, that they concealed exculpatory evidence, fabricated evidence, made false statements, and failed to properly investigate the Lamberts' claims of innocence. *Id.* at 259. The allegation of abuse was resolved in favor of the Lamberts, and they sued. The trial court granted summary judgment to the defendants. On appeal, the only claim at issue was one styled "§ 1983 malicious prosecution." The court held that "there is no such thing as a '§ 1983 malicious prosecution' claim." Relying on numerous precedents, the court stated that the claim was not viable under § 1983. *Id* at 262-63. *See also Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d

249, 256 (1st Cir. 1996) ("The law is settled that a garden-variety claim of malicious prosecution garbed in the regalia of § 1983 must fail").

The reasoning applied in these cases likewise applies here. Count 2 of Plaintiffs' Complaint which is styled "42 U.S.C. 1983 – Malicious Prosecution" should be dismissed because it fails to state a claim for which relief can be granted.

### B. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION UNDER ARTICLE 24 OF THE MARYLAND DECLARATION OF RIGHTS.

Article 24 of the Maryland Declaration of Rights provides that "no man ought to be . . . deprived of his life, liberty, or property, but by the judgment of his peers, or by the Law of the land." Article 24 is *in pari materia* with the Fourteenth Amendment to the United States Constitution. *See Davis v. DiPino,* 121 Md. App. 28, 49, 708 A.2d 357 (1998), *vacated in part on other grounds,* 354 Md. 18, 729 A.2d 354 (1999). The Due Process Clause of the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights are "complementary provisions that protect the same rights." *Roberts v. Total Health Care, Inc.,* 109 Md. App. 635, 643, 765 A.2d 995, 999 (1996) (citations omitted). "Article 24 of the Maryland Declaration of Rights and the Fourteenth Amendment of the United States Constitution have the same meaning, and . . . Supreme Court interpretations of the Fourteenth Amendment function as authority for interpretation of Article 24." *Pitsenberger v. Pitsenberger*, 287 Md. 20, 27, 410 A.2d 1052 (1980) (citations omitted).

The Supreme Court has held that on claims such as those Plaintiffs are alleging here, the Fourteenth Amendment does not apply. In *Albright v. Oliver,* 510 U.S. at 275, *supra,* a college student filed an action alleging that a police detective had deprived the student of his substantive

6

due process rights under the Fourteenth Amendment. The student alleged that his "liberty interest" to be free from criminal prosecution except upon probable cause had been violated, and he filed a § 1983 claim based on the Fourteenth Amendment against the officer. The Court held that the claim was to be considered under the Fourth Amendment, not the Fourteenth Amendment. "Albright's claimed right to be free from prosecution without probable cause must be judged under the Fourth Amendment, and that substantive due process, with its 'scarce and open-ended' 'guideposts for responsible decision-making,' can afford Albright no relief." *Id.* at 267 quoting *Collins v. Harker Heights*, 503 U.S. 115, 125, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992). The Court explained that because the Fourth Amendment specifically protects against certain governmental actions—such as the student's claim to be free from criminal prosecution without probable cause—that claim should be judged under the Fourth Amendment, not the more generalized notion of substantive due process under the Fourteenth Amendment. The Court stated that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing' such a claim." *Id.* quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

In the present case, Plaintiff claims that Detective Fumagalli violated Article 24 of the Maryland Declaration of Rights by subjecting him to an unreasonable seizure of his person, instituting criminal charges against him, and causing a search warrant to be issued for a search of his residence. These claims may be cognizable under the Fourth Amendment or its counterpart, Article 26 of the Maryland Declaration of Rights. However, the police actions complained of do not violate a due process right under either the Fourteenth Amendment or Article 24. Accordingly, Plaintiff has failed to state a claim under the Fourteenth Amendment or Article 24, and Plaintiff's

claim under Article 24 of the Maryland Declaration of Rights, set out in Count 6, should be dismissed.

### C. DEFENDANT MONTGOMERY COUNTY IS ENTITLED TO DISMISSAL OF THE STATE TORT CLAIMS.

#### 1. Maryland Law Should Be Applied to the State Tort Claims.

In this action, Plaintiffs have alleged constitutional torts under the United States Constitution and the Maryland Declaration of Rights, and the state tort claims of false arrest/false imprisonment, malicious prosecution, and negligence. Under the state tort claims, Plaintiffs designate only one, negligence, as being controlled by the laws of the District of Columbia. In fact, Maryland law should apply to all of the state torts.

When a case involves state law claims and jurisdiction is based on diversity, the Court applies "the choice of law rules for the jurisdiction in which it sits." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 58 (D.D.C. 2004). In making these determinations, District of Columbia courts use a modified governmental interests analysis, which looks to identify the jurisdiction with the most significant relationship to the case. "Under this analysis, courts evaluate the governmental policies underlying the applicable laws and determine which jurisdiction's policy would be more advanced by the application of its law to the facts of the case under review." *Stromberg v. Marriott Int'l*, 474 F. Supp. 2d 57, 61-62 (D.D.C. 2007).[3]

In order to evaluate which state has the stronger interest, four factors must be considered: "(a) the place where the injury occurred, (b) the place where the conduct occurred, (c) the domicile, nationality, place of incorporation, and place of business of the parties, and (d) the place where the

---

[3] Prior to applying the choice of law rules, however, "the court must first determine if there is a conflict between the laws of the relevant jurisdictions. Only if such a conflict exists must the court then determine, pursuant to District of Columbia choice of law rules, which jurisdiction has the 'more substantial interest' in the resolution of the issues." *Id.* at 61 quoting *Young Women's Christian Ass'n v. Allstate Ins. Co.*, 275 F.3d 1145, 1150 (D.C. Cir. 2002). Here, differences between District of Columbia law and Maryland law on the immunity issues presented herein require that choice of law principles be applied.

8

relationship, if any, between the parties is centered." *Jones v. Prince George's County*, 2002 U.S. Dist. LEXIS 27318,*6 -*8 (D.D.C. 2002) quoting *Tramontana v. S.A. Empresa de Viacao Aerea Rio Grandense,* 350 F.2d 468, 476 (D.C. Cir. 1965) and Restatement (Second) of Conflict of Laws § 379.

For the most part, the events giving rise to this suit occurred in the State of Maryland. The carjacking happened in Bethesda, as well as the surveillance video; Detective Fumagalli's affidavit was written, signed, and authorized in Rockville; the arrest warrant was issued in Rockville; and Plaintiff Johnathan Demery was brought to Maryland, fingerprinted, questioned, and taken before a Maryland District Court Commissioner. The *nolle prosequi* occurred in Maryland and, had the Maryland State's Attorney decided to prosecute, Plaintiff would have been tried in a Maryland court. All of the evidence regarding the case is in Maryland. The Defendants are Montgomery County, Maryland, and one of its police officers who was acting in the scope of her employment. Both are located in Maryland.

Furthermore, Plaintiffs' Complaint invokes Maryland law. Count 6 of Plaintiffs' Complaint is brought under the Maryland Constitution, specifically Articles 24 and 26 of the Declaration of Rights. Complaint ¶ 31. In addition, Plaintiffs state in "Allegations Common to All Counts" that, "This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and *the Maryland Constitution and laws*." Complaint ¶ 1 (emphasis added). Only in Count 7, brought under negligence, do Plaintiffs seek application of the common law of the District of Columbia.

Most importantly, the allegedly wrongful conduct that underlies all of Plaintiff's claims is the swearing out of a false affidavit by Detective Fumagalli. That alleged conduct occurred in Maryland. On these facts, interests of the local law enforcement authority responsible for initiating

the criminal charges must be considered paramount. While Plaintiff can rightfully maintain that a portion of the consequences of that police activity flowed into the District of Columbia, the operative facts going to liability were centered in Maryland.

Therefore, the choice of law rules of the District of Columbia would favor applying Maryland law to all state tort claims in Counts 4, 5, and 7.

### 2. Montgomery County Has Governmental Immunity for Governmental Functions.

Under Maryland law, Montgomery County is accorded governmental immunity from state tort law claims arising from the performance of a police officer's duties while in the exercise of a governmental function. In other words, there is neither direct nor *respondeat superior* liability on the part of Montgomery County simply because the alleged tortious conduct was committed by its police officers within the scope of their duties. *Wynkoop v. Hagerstown*, 159 Md. 194, 150 A. 447 (1930).

It is well-established in Maryland that a municipality, such as Montgomery County, is entitled to governmental immunity from state tort claims arising out of activities that are governmental in nature. *Tadjer v. Montgomery County*, 300 Md. 539, 479 A.2d 1321. Activities that are solely for the public benefit and welfare and have no element of private interest or municipal profit are considered governmental activities. *See Eyring & Sons Co. v. City of Baltimore*, 253 Md. 380, 252 A.2d 824 (1969). This governmental immunity cannot be waived by the County unless a waiver is pursuant to an express statutory procedure. *Annapolis Urban Renewal Authority v. Interlink, Inc.*, 43 Md. App. 286, 405 A.2d 313 (1979) (citations omitted). As the Maryland courts have already recognized, Montgomery County has not waived its tort

immunity from suit. *Tadjer v. Montgomery County*, 300 Md. 539, 546, 479 A.2d at 1324; *Khawaja v. Mayor and City Council, City of Rockville*, 89 Md. App. 314, 326, 598 A.2d 498 (1991).

Consequently, as to many types of ordinary tort actions, including those sounding in negligence, Defendant Montgomery County is immune with regard to matters classified as governmental. *Tadjer v. Montgomery County*, 300 Md. at 546; *Austin v. City of Baltimore*, 286 Md. 51, 405 A.2d 255 (1979) (and cases cited therein). *See also Buffington v. Baltimore County, Maryland*, 913 F.2d 113 (4th Cir. 1990), *cert. denied*, 499 U.S. 906 (1991) (recognizing governmental immunity for governmental functions). Police activity has been classified as governmental and not proprietary. *See Cox v. Prince George's County*, 296 Md. 162, 166-67, 460 A.2d 1038 (1983); *Quecedo v. Montgomery County*, 264 Md. 590, 287 A.2d 257 (1972); *Wynkoop v. Hagerstown, supra*.

In *Wynkoop*, the Maryland Court of Appeals specifically stated that a municipality could not be sued for the acts of its police officers because those acts were governmental in nature. *Id.* at 201 (citations omitted.) In the later case of *Quecedo v. Montgomery County, supra*, the Maryland Court of Appeals relied upon its decision in *Wynkoop* and held that Montgomery County could not be sued for acts of its police officers in effecting an arrest. The court recognized that Maryland law does not acknowledge either the direct or vicarious liability of a municipality for the actions of its police officers.

In this case, Plaintiffs have alleged that Detective Fumagalli lacked probable cause to believe that Plaintiff had committed the carjacking. Plaintiff Johnathan Demery claims that the officer misrepresented and omitted material facts from an application for a warrant for his arrest. Plainly, Detective Fumagalli was acting within the scope of her duties and, under the case law, was performing a governmental function in her capacity as a police officer.

Defendant Montgomery County cannot be held liable for the alleged tortious acts attributable to its police officers. The County enjoys governmental immunity from suit for such state tort claims. Consequently, Montgomery County is entitled to dismissal on Plaintiff's state tort claims: false arrest, false imprisonment, malicious prosecution, and negligence.

V. **CONCLUSION**

Based on the foregoing, Count 2 of the Complaint, which purports to bring a malicious prosecution claim under 42 U.S.C. § 1983, should be dismissed. The claim under Article 24 of the Maryland Declaration of Rights in Count 6 should be dismissed because Article 26 is the applicable provision of the Maryland Declaration of Rights. Finally, the claims against Montgomery County in Counts 4 (malicious prosecution), 5 (false arrest/false imprisonment), and 7 (negligence) should be dismissed based on governmental immunity.

Respectfully Submitted,

LEON RODRIGUEZ
COUNTY ATTORNEY


_____/s/_____
Paul F. Leonard, Jr.
Associate County Attorney
Federal Bar No. 413057

Attorney for Defendants
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of August 2008, a copy of the foregoing was e-filed and sent via first class mail, postage prepaid to:

Terrell N. Roberts, III
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737

                                                           /s/
                                           Paul F. Leonard, Jr.
                                           Associate County Attorney

Filed: August 19, 2008

PFL:pj/jq
L07-00426 – Memorandum in Support of Defs' Motion for Partial Dismissal
M:\Cycom\Wpdocs\D007\P004\00052130.DOC