IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNATHAN MANUEL DEMERY, ET AL    :
:
:
Plaintiffs    :
:
vs.    :    Civil No. 1:08-cv-1304 (RWR)
:
MONTGOMERY COUNTY,    :
MARYLAND, ET AL.    :
:
:
Defendants    :

**PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL DISMISSAL**

Johnathan Demery and Tijuana Demery, plaintiffs, by counsel, oppose the defendants'

partial motion to dismiss.

1.    Defendants challenge the legal sufficiency of the plaintiff's § 1983 malicious

prosecution claim against defendant Detective Katherine Fumagali.  Such claim alleges a legally

valid cause of action as both the United States Court of Appeals for the District of Columbia and

the United States Court of Appeals for the Fourth Circuit have so recognized.

2.    Regardless of whether Article 24 of the Maryland Declaration of Rights alleges

a valid cause of action, plaintiffs' complaint does properly allege a claim under Article *26* of the

Declaration of Rights, which is the equivalent to the Fourth Amendment of the United States

Constitution.

3.    Montgomery County does not enjoy immunity under the common law claims of

malicious prosecution (Count 4), false arrest (Count 5), or negligence (Count 7).  Because the

law of the District of Columbia is to be applied, there is no governmental immunity for

Montgomery County, Maryland on these claims.

_____/s/_____
Terrell N. Roberts, III
#965-061
Attorney for the Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I certify that on August 28, 2008 I made service by electronic means of the Plaintiffs'

Opposition to Partial Motion to Dismiss and supporting Memorandum of Points and Authorities

to:

Paul F. Leonard, Jr.
Attorney for Defendants
101 Monroe Street, 3rd Floor
Rockville, Maryland 20850

_/s/_____
Terrell N. Roberts, III

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNATHAN MANUEL DEMERY, ET AL  :
                                           :
                                           :
        Plaintiffs             :
                                           :
    vs.                            :    Civil No. 1:08-cv-1304 (RWR)
                                         :
MONTGOMERY COUNTY,       :
MARYLAND, ET AL.          :
                                         :
                                         :
        Defendants         :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR PARTIAL DISMISSAL

In support of their opposition to the defendants' partial motion for summary judgment, Johnathan Demery and Tijuana Demery submit this Memorandum.

> I.      **Malicious Prosecution Is a Valid Cause of Action under §1983.**

Defendants argue that Count 2 fails to state a claim for relief because there is no action for malicious prosecution under 42 U.S.C. §1983.  Defendants are in error.  In Pitt v. District of Columbia, 491 F.3d 494, 511 (2007), the Federal Circuit stated: "We join the large majority of circuits in holding that malicious prosecution is actionable under 42 U.S.C. §1983 to the extent that the defendant's actions cause the plaintiff to be unreasonably "seized" without probable cause, in violation of the Fourth Amendment." The Fourth Circuit is in agreement.  In Brooks v. City of Winston Salem, N.C., 85 F.3d 178, 183-84 (1996), the Fourth Circuit held:

> [A plaintiff's] allegations that [the defendant] seized him pursuant to legal process that was not supported by probable cause and that the criminal proceedings were terminated in his favor are sufficient to state a §1983 malicious prosecution claim alleging a seizure that was violative of the Fourth Amendment.

The defendants argue that the Fourth Circuit's decision in <u>Lambert v. Williams</u>, 223 F.3d 257 (2000) "held that 'there is no such thing as a "§ 1983 malicious prosecution" claim.'" Memorandum, p. 5 (no page cited for the quote).  The defendants say further: "Relying on numerous precedents, the court stated that the claim was not viable under  § 1983." Memorandum, p. 5.

But the Fourth Circuit did not hold that a malicious prosecution claim was not viable under § 1983. Instead, the court's holding in <u>Lambert v. Williams</u> was as follows:

> Our analysis in <u>Brooks</u>, understood in light of these precedents, makes clear that there is no such thing as a "§ 1983 malicious prosecution" claim.  What we termed a "malicious prosecution" claim in <u>Brooks</u> is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution – specifically, the requirement that the prior proceeding terminate favorably to the plaintiff.

223 F.3d at 262.  In <u>Lambert</u>, the plaintiffs did not allege that a seizure under the Fourth Amendment had occurred; instead, they alleged a deprivation of the Fourteenth Amendment right to family integrity.  It was for this reason that the Fourth Circuit held that the plaintiffs had not stated a claim for relief under § 1983.  <u>Id.</u>  Thus, <u>Lambert</u> stands for the proposition that a complaint that alleges a seizure unsupported by probable cause properly alleges a Fourth Amendment violation and a claim for relief under § 1983.

II.     **Count 6 Properly Alleges a Claim for Relief under Article 26 of the Maryland Declaration of Rights.**

Defendants argue that Count 6 does not state a claim for relief under Article 24 of the Maryland Declaration of Rights. Count 6 alleges that Fumagali's actions caused an unreasonable seizure of Johnathan Demery without probable cause.

For purposes of this motion, plaintiffs will concede that there is no cause of action under Article 24 of the Maryland Declaration of Rights, for the reason that the Article 24 claim is equivalent to a claim under the Fourteenth Amendment Due Process Clause. However, because Count 6 alleged a violation of Article 26 (as well as Article 24) of the Maryland Declaration of Rights, it does properly state a claim for relief. Complaint, para. 31, p. 10. (Defendants have not challenged Count 6 in so far as it alleges a claim under Article 26.) Under Maryland law, Article 26 is deemed to be in para materia to the Fourth Amendment. See, e.g., Gadson v. State, 341 Md. 1, 668 A.2d 22 (1995), cert. denied, 517 U.S. 1203 (1996); McMillan v. State, 65 Md. App. 21, 499 A.2d 192 (1985). Thus, for the reason that the allegations of the complaint allege what amounts to a violation of the Fourth Amendment under Maryland law, it follows that the plaintiffs have alleged a claim for relief under Count 6.

III.    **DC Law Should Be Applied to Common Law Torts of False Arrest, Malicious Prosecution and Negligence.**

In adjudicating state law claims, "a federal court must follow the choice of law rules of the forum state in which it is sitting to determine which state's law to apply." Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Adhering to the rules of the District of Columbia, a court must apply a "governmental interest analysis," which requires a court "to evaluate the governmental polices underlying the applicable laws and to determine which jurisdiction's policy would be more advanced by the application of its law to the facts of the case under review." Bledsoe v. Crowley, 849 F.2d 639, 641 (D.C. 1988)(quoting Williams v. Williams, 390 A.2d 4, 5-6 (D.C. 1978). "In choosing the appropriate law, the District of

Columbia Courts are to consider the following factors: a) the place where the injury occurred; b) the place where the conduct causing the injury occurred; c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and d) the place where the relationship is centered.  <u>Tramontana v. S.A. Empressa de Viacao Aerea Rio Grandense</u>, 350 F.2d 468, 476 (D.C. Cir. 1965).

Plaintiffs disagree with the defendants' analysis of the relevant factors and its conclusion that Maryland would apply its own law to the common law claims.  Defendants emphasize that in swearing out an affidavit in support of an arrest warrant, Fumagali's actions occurred in Maryland.  While the act of writing an affidavit occurred in Maryland, other actions clearly occurred in the District of Columbia.  Fumagali (and other officers acting under her direction) conducted much of their investigation of Johnathan in the District of Columbia, not Maryland.  They interviewed him there and also derived their information upon which they based a flawed identification of him in the District.  The officers caused a search warrant to issue which resulted in a search of the plaintiff's home in the District of Columbia.

Perhaps more importantly, plaintiff's injury occurred in the District.  The police arrested Demery in the District of Columbia, and he was held in a detention facility in the District for 7 days.  By contrast, he was held in jail only 1 day in Maryland before being released on bond.  Injury to Demery's reputation as a result of being arrested and confined in jail occurred in the District, where he lives, works and goes to school, not Maryland.

Even Maryland's choice of law principles require the  application of DC law to the common law claims.  In tort cases, Maryland applies the rule of <u>lex loci delicti</u>, and under that approach, "where the events giving rise to a tort action occur in more than one State, we apply the law of the State where the injury – the last event required to constitute a tort– occurred."

Laboratory Corp. of America v. Hood, 395 Md. 608, 616, 911 A.2d 841, 845 (2006)(citing

Phillip Morris v. Angeletti, 358 Md. 689, 744-47, 752 A.2d 200, 230-32 (2000)).  Because the

plaintiff's injury occurred in the District of Columbia, where he was arrested and jailed,

Maryland law would require the application of DC law to the case.

Finally, the defendants err in arguing that Montgomery County has immunity for the state

law claims under Maryland law.  This may be true under the claims of false arrest, malicious

prosecution and negligence.  But in so far as the Maryland Constitutional claims are concerned,

Maryland courts recognize that the doctrine of governmental immunity does not apply to

constitutional torts committed by local government employees within the scope of their

employment.  DiPino v. Davis, 354 Md. 18, 51-52 (1999)("We shall now dispel any doubt in the

matter and make clear, as a matter of common law, that local governmental entities do, indeed,

have *respondeat superior* liability for civil damages resulting from state constitutional violations

committed by their agents and employees with the scope of their employment.").  See also, Port

Deposit v. Petett, 113 Md. App. 401, 421-422 (1971).

**Conclusion**

Based upon the foregoing, the defendants' motion for partial dismissal should be denied.


____/s/_____
Terrell N. Roberts, III
Attorney for the Plaintiff