IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNATHAN MANUEL DEMERY, ET AL :
:
:
      Plaintiffs :
:
vs. : Civil No. 1:08-cv-1304 (RWR)
:
MONTGOMERY COUNTY, :
MARYLAND, ET AL. :
:
:
      Defendants :

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO CHANGE VENUE**

    Johnathan Demery and Tijuana Demery, plaintiffs, by counsel, oppose the defendants' motion to change venue.

    1.    As the defendants concede, plaintiffs have satisfied the statutory venue requirement that "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Columbia.  See, 28 U.S.C. § 1391(b).

    2.    The witnesses or parties to this action will not be inconvenienced if the case remains in the District.

    3.    All witnesses are within the geographical area to which this Court's subpoena power extends, i.e., 100 miles. The witnesses will not have to travel any more farther than if they were coming to federal court in Maryland.

    4.    Although the crime for which plaintiff Johnathan Demery was charged originated in Maryland, the suspects fled into the District of Columbia and the defendant Fumagali and persons acting under her lead conducted an investigation in the District to identify and arrest the subjects.  The faulty investigation, which was largely conducted in the District, directly resulted

in the plaintiff Johnathan Demery being arrested, interrogated, and confined in restraint of his liberty in the District of Columbia.

5.  The defendant Fumagali permitted the plaintiff Johnathan Demery to languish in jail in the District of Columbia for several days after failing to investigate his claims of innocense.

Based upon the foregoing, the facts of the case do not favor a change of venue either in the interests of justice or for convenience of the witnesses.

_____/s/_____
Terrell N. Roberts, III
#965-061
Attorney for the Plaintiff
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I certify that on August 29, 2008 I made service by electronic means of the Plaintiffs' Opposition to the Defendants' Motion to Change Venue and the plaintiffs' supporting Memorandum of Points and Authorities to:

Paul F. Leonard, Jr.
Attorney for Defendants
101 Monroe Street, 3rd Floor
Rockville, Maryland 20850

 /s/_____
Terrell N. Roberts, III

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNATHAN MANUEL DEMERY, ET AL      :
                                    :
                                    :
        Plaintiffs                   :
                                    :
vs.                                  :   Civil No. 1:08-cv-1304 (RWR)
                                    :
MONTGOMERY COUNTY,                   :
MARYLAND, ET AL.                     :
                                    :
                                    :
        Defendants                   :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO MOTION TO CHANGE VENUE**

In support of their opposition to the defendants' partial motion to change venue, plaintiffs Johnathan Demery and Tijuana Demery submit this Memorandum.

   I.   **The Balance of Public vs. Private Interests Do Not Weigh in Favor of a Change of Venue.**

        1.   Private Interest Factors

Defendants have correctly cited the private-interests considerations: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claims arose elsewhere; (4) the convenience of the parties; the convenience of the witnesses to the extent some may be unavailable for trial in one forum; and (6) the ease of access to sources of proof.  Much deference should be given to the plaintiffs' choice of the forum in this case.

The private interests at stake do not weigh in favor of a change of venue to Maryland. First, plaintiffs' choice of forum is entitled to strong deference and is not outweighed by inconvenience alleged by the defendants.  Johnathan Demery, a juvenile at the time, was an

innocent victim: he was whisked off the street and arrested here in the District of Columbia. He was <u>not</u> taken to Maryland after his arrest, but instead was taken to a police station in the District. There two detectives from Maryland and one from the Metropolitan Police Department interrogated him and recorded his answers. Johnathan made strong claims of innocense which were never investigated. He explained how and why he did not match the suspect because his tennis shoes did not match the tennis shoes of the suspect and that his hairline was demonstrably different from the suspect's, as seen in a video surveillance image of the suspect. He also accounted for his whereabouts on the evening of the crime. The defendant Fumagali ignored these claims of innocense and permitted Johnathan to languish in jail for the next 7 days in a District detention facility. Finally, the defendant Fumagali secured a search warrant of the plaintiff's residence and the police searched the house, all of which took place in the District.

The plaintiffs' choice of forum is not outweighed by inconvenience to the defendants because they have not proffered any specific evidence of inconvenience if the case is litigated in federal court in the District of Columbia.

Second, while the defendant's choice of Maryland as the forum should be considered, the defendants have not put forward any substantial reason why their choice should be favored over the plaintiffs'.

Third, the claims to be tried did not arise in the District. Although the crime for which the plaintiff was arrested and charged occurred in Maryland, the flawed investigation which led to the plaintiff's arrest and charges being filed occurred in the District of Columbia. The police recovered the victim's vehicle in the District, and Fumagali was led to suspect the plaintiff Jonathan Demery because of his proximity to the vehicle. Fumagali observed the plaintiff in the District and made her faulty judgment that the plaintiff closely matched the suspect based upon

her perceptions of the plaintiff in the District. Fumagali caused the plaintiff to be arrested in the District. Detectives working under her interrogated the plaintiff Johnathan Demery after his arrest in the District of Columbia. Fumagali let Johnathan languish in jail in the District for 7 days while she failed to investigate his claims of innocense.

Fourth, the District is a convenient forum for the parties, and no showing to the contrary has been made.

Fifth, the forum is convenient for the witnesses as well. There is no witness who would be available in Maryland but unavailable if the case is tried in the District.

Sixth, the parties would have the same access to the proof regardless of whether the case is tried in the District or Maryland. The records of the police department of Montgomery County are maintained in Maryland, but they are subject to subpoena power of this Court. If the case is tried in the District, these records may be subpoenaed as easily as they could be in Maryland.

    2.    Public Interests

Defendants argue that venue in Maryland is preferable because Maryland law will be applied. This contention is erroneous. First, the central claims are federal in nature and are not dependent on State law. Second, if the case is transferred to Maryland, Maryland choice of law principles require the application of the law of the District of Columbia to the common law claims. In tort cases, Maryland applies the rule of lex loci delecti, and under that approach, "where the events giving rise to a tort action occur in more than one State, we apply the law of the State where the injury – the last event required to constitute a tort– occurred." Laboratory Corp. of America v. Hood, 395 Md. 608, 616, 911 A.2d 841, 845 (2006)(citing Phillip Morris v. Angeletti, 358 Md. 689, 744-47, 752 A.2d 200, 230-32 (2000)). Because the plaintiff's injury

occurred for the most part in the District of Columbia – where he was arrested and held in jail for 7 days -- Maryland law would require the application of the law of the District of Columbia to these claims. Therefore, there is nothing to be gained by transferring the case to a federal court in Maryland, who has less experience in applying DC law than a federal court in the District of Columbia.

    Based upon the foregoing, the defendants' motion to change venue should be denied.

                        ___/s/_____
                          Terrell N. Roberts, III
                          Attorney for the Plaintiff